1
2
3
4

UNITED STATES DISTRICT COURT

5

EASTERN DISTRICT OF WASHINGTON

6
7
8
9
10
11
12

| | |
|---|---|
| DOUGLAS W. HOLIEN,<br><br>           Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>           Defendant. | No. CV-11-285-LRS<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT |

13
14
15
16
17
18
19
20
21
22

     **BEFORE THE COURT** are Plaintiff's Motion for Summary Judgment (ECF No. 13) and the Defendant's Motion for Summary Judgment (ECF No.15). Attorney Maureen J. Rosette represents Plaintiff; Assistant United States Attorney Pamela J. DeRusha represents the Commissioner of Social Security (Defendant). On October 17, 2012, Plaintiff filed a reply, ECF No. 14. The case was reassigned to District Court Judge Lonny R. Suko on January 9, 2013, ECF No. 18. The parties stipulated that the case would be submitted to the court without oral argument on May 24, 2013 (ECF 11, 12). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's motion for summary judgment, **ECF No. 15.**

23

## JURISDICTION

24
25
26
27

     Plaintiff applied for a Period of Disability, Disability Insurance Benefits, and supplemental security income (SSI) benefits on October 13, 2008. He alleged disability as of April 23, 2007 (Tr. 45). The application was denied initially and on reconsideration (Tr. 42).

28

At a hearing before Administrative Law Judge (ALJ) Paul T. Hebda on December 9, 2009, Plaintiff, represented by counsel, and a vocational expert, Dr. Polly Peterson, testified (Tr. 46-67, 67-73). On January 8, 2010, the ALJ issued an unfavorable decision (Tr. 18-32). The Appeals Council denied review on July 5, 2011 (Tr. 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on August 1, 2011 (ECF No. 2, 4).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are briefly summarized here.

Plaintiff was 51 years old at the hearing. He earned a GED after completing the 11th grade and has an average ability to read, write and perform math (Tr. 24, 48). He has worked as a bartender, heavy equipment operator, construction worker, convenience store cashier/stocker, and donut maker (Tr. 24, 30, 49-54). He last worked in April 2007 at a sawmill cutting and stacking planks on palettes but stopped after 3 days due to lower back pain (Tr. 24, 49). Plaintiff testified his pain has progressively worsened and his lower back pain prevents him from sleeping (Tr. 54). He also testified that his knee "snaps and pops and still hurts" even after surgery (Tr. 56). His painkillers make him drowsy and he "naps once or twice a day" (Tr. 25, 58). He has also been diagnosed with asthma and chronic obstructive pulmonary dysfunction (Tr. 25, 55). He has been prescribed painkillers for the back pain and inhalers for his asthma (Tr. 55-56). He is able to lift anything less than a gallon of milk and has his younger sister carry his groceries and "twelve packs of pop upstairs for me" (Tr. 25, 55, 61). The Plaintiff testified he can walk one mile on a good day but might need to take a couple breaks (Tr. 59). On a bad day he testified to walking only six to eight blocks or less. He is unable to "sit in the same position more than 15 or 20 minutes" and must shift positions (Tr. 25, 60).

## SEQUENTIAL EVALUATION PROCESS

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 2 -

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a Plaintiff is not only unable to do previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether Plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, Plaintiff is conclusively presumed to be disabled.  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing

work which was performed in the past. If a Plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, Plaintiff's residual functional capacity (RFC) assessment is considered. If Plaintiff cannot perform this work, the fifth and final step in the process determines whether Plaintiff is able to perform other work in the national economy in view of Plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon Plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.1999). The initial burden is met once Plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir.1986). The burden then shifts, at step five, to the Commissioner to show that (1) Plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir.1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir.1999).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985); *Tackett,* 180 F.3d at 1097 (9th Cir.1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975), but less

than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9ᵗʰ Cir.1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9ᵗʰ Cir.1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9ᵗʰ Cir.1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9ᵗʰ Cir.1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9ᵗʰ Cir.1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner.  *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9ᵗʰ Cir.1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9ᵗʰ Cir.1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9ᵗʰ Cir.1987).

## ALJ'S FINDINGS

At step one the ALJ found Plaintiff did not engage in substantial gainful activity after onset (Tr. 20). At step two he found Plaintiff has the following "severe" physical impairments: degenerative disc disease in the cervical, thoracic, and lumbar spines; history of chronic obstructive pulmonary dysfunction; mild intermittent asthma; history of left knee arthritis; history of hepatitis C; and adjustment disorder with mixed anxiety and depressed mood (Tr. 20). At step three

the ALJ found that the Plaintiff's impairment or combination of the impairments did not meet or medically equal a listed impairment (Tr. 22-23). The ALJ found Plaintiff's statements concerning his symptoms not credible (Tr. 25). Furthermore, the ALJ found there is no evidence in the medical records indicating the Plaintiff is unable to perform basic work activity (Tr. 25). At step four, the ALJ relied on a vocational expert and found Plaintiff is unable to perform any past relevant work (Tr. 30). However, at step five the ALJ found that the Plaintiff can engage in other types of substantial gainful work that exists in the national economy based on his residual capacity to perform light work (Tr. 24). Accordingly, the ALJ concluded the Plaintiff is not disabled.

## ISSUES

Plaintiff alleges the ALJ erred when he failed to properly credit the opinion of the independent medical examiner William M. Shanks, M.D.; found Plaintiff is able to perform light work; and found he is less than fully credible (ECF No. 14 at 9).

The Commissioner asserts the ALJ's decision is supported by substantial evidence and free of legal error. He asks the Court to affirm (ECF No. 16 at 5).

## DISCUSSION

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

A treating physician's opinion is given special weight because of familiarity

with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to non-examining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir.2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a non-examining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir.1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir.1995).

Plaintiff alleges the ALJ did not properly consider the applicability of examining physician William Shanks, M.D., who conducted an independent medical examination of him on September 2, 2008.  The Commissioner answers that Dr. Shank's opinion implies that Plaintiff was limited to light or sedentary work, and the ALJ agreed (Tr. 26).

The Commissioner correctly points out that the ALJ properly credited the limitations assessed by Dr. Shanks, a consultive examiner for the Department of Health and Human Services (Tr. 26). While a treating physician's opinion is given special weight, here the Plaintiff's treatment records from his primary care

physician, Gabriel Charbonneau, M.D., show very little record of the Plaintiff's severe impairments that would indicate he is unable to perform basic work activity *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989), (Tr. 25, 255-321). In fact, the ALJ's decision states that "significant weight was given to the opinion stated by Dr. Shanks" whose opinion was consistent with the ALJ's findings (Tr. 29). Dr. Shanks found that the Plaintiff showed evidence of "degenerative disc changes to a mild degree in the cervical and thoracic areas" (Tr. 26, 322). The ALJ agreed pointing out that the Plaintiff has a severe impairment that limits him to light or sedentary work (Tr. 20). As such, the ALJ did consider and agreed with Dr. Shanks that the Plaintiff was unable to perform the past relevant work of prolonged standing, squatting, and lifting necessary in construction labor or as a bartender (Tr. 29, 324). However, both the ALJ and Dr. Shanks agreed that this would only prevent the Plaintiff from performing past relevant work (Tr. 20, 24, 26). Dr. Shanks only notes that the Plaintiff "has no training in light types of work" which does not rule out the ALJ's conclusion that he is capable of performing unskilled light level or sedentary work (Tr. 24, 29). Therefore, Dr. Shanks' opinion is consistent with the ALJ's findings that Plaintiff was limited to light or sedentary work (Tr. 30, 324).

The ALJ did consider the applicability of Dr. Shanks' opinion by questioning the vocational expert (VE), Dr. Polly Peterson, about the limitations assessed for the Plaintiff. The ALJ asked the VE whether an individual with the Plaintiff's age, education and work experience would be capable of performing light work (Tr. 70). Here, the VE found Plaintiff has the capacity to transfer his cashier skills to sedentary work that requires no heavy lifting (Tr. 72). When the VE was asked on the availability of cashier jobs she replied "millions" (Tr. 72). Thus, the ALJ's findings are consistent with both Dr. Shanks and the vocational expert. When the ALJ bases his decision on a hypothetical that included all of the Plaintiff's medical limitations, the decision is supported by substantial evidence.

The ALJ appropriately evaluated the evidence relating to Plaintiff's mental

limitations. The ALJ observed the psychological evaluation is unsupported by clinical evidence of any hospitalizations for psychological symptoms (Tr. 27). Both evaluating psychologists Rita Flanagan, Ph.D., and Edward Beaty, Ph.D, found no severe mental limitations (Tr. 233, 277). The Plaintiff did not seek treatment by a mental health professional until June 3, 2009 (Tr. 27, 307). As the ALJ notes, the mental health professional, Sam Lowderback, ARNP, found the Plaintiff capable of social functioning (Tr. 307).

The Plaintiff had a mental health evaluation on October 28, 2008 conducted by Frank D. Rosekrans, Ph.D. The ALJ gave "little weight" to the opinion of Dr. Rosekrans because "his narrative report accompanying the October 2008 evaluation form contains no information to support his initial opinion" (Tr. 29). While Dr. Rosekrans found several moderate limitations in social functioning, his reports fail to reveal the type of clinical mental limitations that his conclusion suggests (Tr. 226-228). The ALJ pointed out that the Plaintiff has not been fired or laid off from jobs due to not getting along with other people, including supervisors (Tr. 29). Dr. Rosekrans opined that the Plaintiff arrived "appropriately dressed, well groomed" and "appears intelligent and informed" (Tr. 245). The ALJ also observed that Dr. Rosekrans noted the Plaintiff "has an unremarkable history" (Tr. 29, 226). Even assuming Dr. Rosekrans' opinions are consistent with his findings, the ALJ provided "specific and legitimate" reasons supported by substantial evidence to reject his opinions; namely that the Plaintiff had a severe mental health impairment, incorporating severe limitations on Plaintiff's ability to work with others in a residual functional capacity, but is not so limited as to be disabled (Tr. 30).

To further aid in weighing the conflicting medical evidence, the ALJ evaluated Plaintiff's credibility and found his allegations of his limitations to walk, stand, or sit not supported by the medical record (Tr. 27). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and

diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir.2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993).

The ALJ gave several clear and convincing reasons for his credibility assessment. Plaintiff's statements have been inconsistent. The ALJ observed the Plaintiff testified of abdominal pain from Hepatitis C but the medical records show he has no complaints of abdominal pain (Tr. 25). Plaintiff has not received any treatment for his Hepatitis C (Tr. 25). Plaintiff testified that the problems with his back and knee affect how far he can walk, yet he is able to "climb three flights of stairs to his third floor apartment" (Tr. 60). The ALJ noted that while the Plaintiff does not like to be in the store or around people, Plaintiff admitted to doing his own grocery shopping (Tr. 27).

The Plaintiff's statements concerning his ability to stand, walk, sit and carry are not supported by the medical record. Sam Lowderback, ARNP, noted on two separate occasions that the Plaintiff "walked uphill to the clinic, although the temperature was probably in the mid 80s or low 80s (Tr. 309, 311). When Dr. Rosekrans saw the Plaintiff for a psychiatric evaluation on August 11, 2009, the Plaintiff said "he feels a little better" while Dr. Rosekrans noted "he has a garden at

his sister's house and raises vegetables....(He gave me two zucchini)" (Tr. 350-351). The ALJ noted that while the Plaintiff "only climbs his apartment stairs a few times per week (leaving one to believe he leaves his apartment a few times per week), a treatment note from September 3, 2009 reveals the claimant was well-tanned" (Tr. 28, 307). Plaintiff also noted in his function report that if he is not in too much pain, he can pick up aluminum cans.  While the Plaintiff states in the function report it can be painful to dress, mental health evaluations specifically note that he was "appropriately dressed and groomed for the season" (Tr. 28, 227, 307, 309, 311).

The ALJ pointed to a treatment note dated October 9, 2007 revealing that the Plaintiff had chronic low back pain and was prescribed hydrocodone (Tr. 26). However, it was noted on June 3, 2008 that the Plaintiff has not been taking very much of his hydrocodone and that he only takes it when he has significant pain. Accordingly, the ALJ observes the Plaintiff's pain is not as significant as he has alleged in his application (Tr. 26).

While the Plaintiff testified to falling asleep because of Norco, this side effect is not documented in the treatment records.  Plaintiff testified that his back pain interferes with his ability to sleep (Tr. 58). The ALJ noted the Plaintiff was advised on June 3, 2009 to  reduce his caffeine intake of 8-10 Mountain Dews throughout the day (Tr. 307). By July 15, 2009, the treatment notes state that Plaintiff decreased his overall caffeine intake and "reports he is sleeping much better" (Tr. 311).

The ALJ's reasons for finding Plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir.2002) (proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints.  20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989).

1    The ALJ's credibility assessment is free of error.

2  **B. RFC**

3    Plaintiff asserts the ALJ erred when he assessed an RFC for light work (ECF

4  No. 14 at 9).

5    When he determined Plaintiff's RFC, the ALJ weighed the evidence as

6  outlined above. Plaintiff's argument simply restates the issues already addressed by

7  the Court.

8    The ALJ is responsible for reviewing the evidence and resolving conflicts or

9  ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989). It

10 is the role of the trier of fact, not this court, to resolve conflicts in evidence.

11 *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the

12 ALJ's decision is supported by substantial evidence and may not substitute its own

13 judgment for that of the ALJ, even if it might justifiably have reached a different

14 result upon de novo review. 42 U.S.C. § 405 (g).

15    The ALJ's RFC is fully supported by the record and free of legal error.

16                              **CONCLUSION**

17    Having reviewed the record and the ALJ's conclusions, this court finds that

18 the ALJ's decision is free of legal error and supported by substantial evidence.

19

20    **IT IS ORDERED:**

21    1. Defendant's Motion for Summary Judgment, **ECF No. 15,** is **GRANTED.**

22    2. The District Court Executive is directed to file this Order, provide copies to

23 counsel, enter judgment in favor of defendant, and **CLOSE** this file.

24    DATED this 2nd day of July, 2013.

25
                                   s/ *Lonny R. Suko*
26                                 LONNY R. SUKO
                          UNITED STATES DISTRICT JUDGE
27

28

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 12 -